UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KRISTIN LANZA,

                Plaintiff,                    **REPORT AND RECOMMENDATION**

                                                          2:21-cv-06319 (LDH) (ST)

   v.

CLIENT SERVICES, INC.

                Defendant.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      On October 1, 2021, Plaintiff Kristin Lanza ("Plaintiff") initially filed a Complaint against Client Services, Inc. ("Defendant") in Suffolk County District Court for the State of New York. Plaintiff sought to recover damages for alleged violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and New York General Business Law § 349 ("NYGBL"). Defendant promptly removed the case to the United States District Court for the Eastern District of New York based on federal question jurisdiction. Plaintiff now moves to remand this matter back to the state court and for fees.

      The Honorable LaShann DeArcy Hall referred Plaintiff's Motion to Remand to the undersigned to issue a Report and Recommendation.

      For the reasons states below, this Court respectfully recommends that Plaintiff's Motion to Remand be granted and Plaintiff's request for costs and fees be denied.

## BACKGROUND

      Plaintiff, an individual female, is a resident of New York County. Compl. ¶ 11.

      Defendant is a corporate entity with its principal place of business in Missouri. *Id*. ¶ 13. Defendant is involved in the business of collecting debts. *Id*. ¶¶ 14-22.

1

On April 1, 2021, Defendant sent a debt-collection letter to Plaintiff stating that Plaintiff owed $650.78 on her Home Depot Consumer Credit Card. *Id.* at ¶ 37, 43; Def.'s Letter, Ex. 1, DE 1. It is undisputed that Defendant used a third-party vendor to prepare and mail this letter to Plaintiff. *Id.*; Compl. ¶ 38. In doing so, Defendant conveyed certain information to the third-party vender including, *inter alia*, "[P]laintiff's status as a debtor, the precise amount of the alleged Debt, [and] the entity to which Plaintiff allegedly owed that debt". *Id.* at ¶¶ 39-40. While Plaintiff did not consent to the communication or disclosure of any of this information to Defendant's third-party vendor, Defendant claims that it has used a third-party vendor for these purposes "thousands of times." *Id.* at ¶¶ 49-52.

In October 2021, Plaintiff commenced this suit in the Suffolk County District Court for the State of New York to recover damages for alleged violations of the FDCPA and the NYGBL. *Id.* at 6-13. Specifically, Plaintiff's Complaint consists of three causes of actions, alleging: 1) Violation of FDCPA pursuant to 15 U.S.C. §§ 1692c(b) and 1692f alleging improper disclosure of private and sensitive information to a third-party vender; 2) Violation of the FDCPA pursuant to 15 U.S.C. §§ 1692g(a)(1) and 1692e alleging improper procedure in demanding payment; and 3) Violation of NYGBL § 349 alleging failure to use reasonable care in collecting Plaintiff's debt. *Id.* at ¶¶ 63, 112, 124.

On November 15, 2021, Defendant removed this case based on federal question jurisdiction pursuant to 28 U.S.C. §1441(a). Not. of Rem. ¶ 3, DE 1. On November 22, 2021, Defendant filed its Answer to Plaintiff's Complaint. Def.'s Ans., DE 5. Plaintiff subsequently filed the instant Motion to Remand. DE 9-11.

**LEGAL STANDARD**

A defendant can remove a civil action from state to federal court if the latter has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

An essential element of a federal court's subject matter jurisdiction is standing. To have standing, it must be shown that (1) there is a "concrete and particularized injury"; (2) the injury "is fairly traceable to the challenged conduct"; and (3) the injury "is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997).

Where, as here, federal jurisdiction is asserted by a Defendant in a removal petition, it follows that Defendant has the burden of establishing that removal is proper and show that the court has subject-matter jurisdiction. *Id.*; *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d. Cir. 1994).

**DISCUSSION**

**I.      Plaintiff's Motion to Remand Did Not Violate the District Court's Rules**

At the outset, Defendant argues that Plaintiff violated Section III(A)(I) of the District Court's Individual Rules, which requires a pre-motion conference before any party makes a motion pursuant to Fed. R. Civ. P. 12. Def.'s Opp. at 1. Defendant contends that Plaintiff's request for relief based on this Court's lack of subject matter jurisdiction should have been brought as a

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and not as a Motion to Remand pursuant to 28 U.S.C. § 1447(c). *Id.* In support, Defendant points to 28 U.S.C. § 1447(c), which states that a party moving to remand "on the basis of any defect other than lack of subject matter jurisdiction" must do so within 30 days. *Id.* Defendant postures that this means that § 1447(c) does not provide the relief sought by Plaintiff. *Id.*

Defendant misinterprets § 1447(c), which simply states that subject-matter jurisdiction is not subject to the 30-day time limit that other grounds for remand are subject to. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 522 F. Supp. 2d 557, 561 (S.D.N.Y. 2007). Defendant incorrectly asserts that Plaintiff's Motion to Remand should have been brought pursuant to Fed. R. Civ. P. 12(b)(1). Jurisdiction is appropriately challenged in a motion to remand. *See e.g.*, *United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 298 (noting that the plaintiff should have asserted a jurisdictional challenge in its motion to remand, and not on appeal; and also that "any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction").

Thus, Plaintiff's Motion was properly filed as a Motion to Remand and did not violate the District Court's Individual Rules.

**II.    This Case Should Be Remanded Because the Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims**

Plaintiff's Complaint consists of three causes of actions: 1) Violation of FDCPA pursuant to 15 U.S.C. §§ 1692c(b) and 1692f for improper disclosure of private information to a third-party vender; 2) Violation of the FDCPA pursuant to 15 U.S.C. §§ 1692g(a)(1) and 1692e for improper procedure in demanding payment; and 3) Violation of NYGBL § 349 for failure to use reasonable care in collecting Plaintiff's debt. *Id.* at ¶¶ 63, 112, 124.

4

The parties agree that Plaintiff's claims brought under §1692c(b) lack Article III standing, consistent with rulings of this Court in similar FDCPA actions. *See* Pl.'s Mem. of Law at 5; Def.'s Opp. at 4; *See also, e.g., In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 64 (2021). Defendant asserts, however, that Plaintiff's claims brought under §§ 1692g and 1692e have been found to "constitute injury-in-fact sufficient to confer Article III Standing." Def.'s Opp. at 5.

### a. Plaintiff Lacks Article III Standing to Pursue FDCPA §§ 1692e and 1692g(a)(1) Claims

Plaintiff alleges that defendants engaged in improper means to collect the debt because the Letter was "reasonably susceptible to an inaccurate reading by the least sophisticated consumer" and because Plaintiff's right were not accurately and clearly communicated in violations of FDCPA §§ 1692e and 1692g.

"The standards for determining violations of Sections 1692e(10) and 1692g are essentially the same." *Kahn v. D&A Services, LLC*, 20 CV 4792 (VB), 2021 WL 1947778 at 3-4, (S.D.N.Y. May 14, 2021). Section 1692e "is violated when a debt collector uses 'any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* FDCPA 1692e. *See* FDCPA § 1692e. Similarly, § 1692g(a)(1) Section 1692g requires a debt collector to communicate certain information to a debtor when attempting to collect a debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and a statement that the consumer has thirty days after receipt of the notice to dispute the validity of the debt, or any portion thereof. *See* FDCPA § 1692g. To have standing for such FDCPA claims, the consumer must establish harm from the alleged violations. Therefore, the issue is whether Plaintiff established suffering from concrete harm (including emotional injury) due to Defendant's allegedly inaccurate letter.

To confer Article III standing, Defendant cites several cases, for example, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018) (a FDCPA case brought pursuant to Section 1692e and 1692g for a misleading letter, holding "[w]e conclude that Cohen has alleged an injury-in-fact and therefore has standing."); *Zirogiannis v. Seterus, Inc.*, 707 F. Appx. 724, 727 (2d Cir. 2017) ("The alleged failure to furnish a validation notice that enumerates all third party costs known to the debt collector thus "entail[s] the concrete injury necessary for standing"); and *Solares v. Fin. Recovery Servs., Inc.*, 2019 U.S. Dist. LEXIS 209398, at *6 (E.D.N.Y. Dec. 3, 2019) ("Like *Cohen*, the plaintiff's claims under §§ 1692e and 1692g protect her individual interests, such that the alleged violations satisfy the injury-in-fact requirement of Article III standing").

The analysis of Article III standing in statutory consumer law cases, however, was "substantially and materially" changed following the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) and the Second Circuit's decision in *Maddox v. Bank of New York Mellon Tr. Co., N.A*, __ F.4th __, No. 19-1774, 2021 WL 5347004 (2d Cir. Nov. 17, 2021).

In June 2021, the Supreme Court issued its ruling in *TransUnion LLC v. Ramirez*, which examined a class action brought under the Fair Credit Reporting Act. In that case, the class of plaintiffs alleged that the defendant "failed to comply with statutory obligations (i) to follow reasonable procedures to ensure the accuracy of credit files so that the files would not include OFAC alerts labeling the plaintiffs as potential terrorists; and (ii) to provide a consumer, upon request, with his or her complete credit file, including a summary of rights." *TransUnion LLC v. Ramirez*, ––– U.S. ––––, 141 S. Ct. 2190, 2207, 210 L.Ed.2d 568 (2021). The Court examined whether various subclasses of plaintiffs had standing, noting:

6

> For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law. Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court ... Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.

*Id.* at 2205 (italics original; alterations omitted).

Proceeding to the analysis, the Court reiterated some preliminary principles: "Plaintiffs bear the burden of demonstrating that they have standing ... must maintain their personal interest in the dispute at all stages of litigation [and] must demonstrate standing with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 2207–08 (alterations omitted). Furthermore, "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *Id.* at 2208.

Applying these concepts to the two groups of plaintiffs in *TransUnion* produced different results.  Being falsely labeled as a terrorist, and having that information disseminated to third parties, the Court determined, resulted in "a harm with a 'close relationship' to the harm associated with the tort of defamation." *Id.* at 2209.  Where the defendant provided third parties with reports labeling plaintiffs as "potential terrorists, drug traffickers, or serious criminals," such information could quite obviously "subject [plaintiffs] to hatred, contempt, or ridicule." *Id*. Thus, the Court concluded, this group of plaintiffs "suffered a concrete harm that qualifies as an injury in fact." *Id.*

The remaining plaintiffs, however, had similarly false information contained in their credit files maintained by the defendants, but those reports were not disseminated. "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete

7

harm." *Id.* at 2210. Even the risk of future dissemination did not provide constitutional standing. *Id.*

Two other claims addressed by the Court in *TransUnion* prove instructive. First, in the "disclosure" claim, plaintiffs alleged that the defendant, inconsistent with its obligations, "sent the plaintiffs copies of their credit files that omitted the OFAC information, and then in a second mailing sent the OFAC information." *Id.* at 2213. The Court recognized that the "plaintiffs presented no evidence that, other than Ramirez, 'a single other class member so much as *opened* the dual mailings,' 'nor that they were confused, distressed, or relied on the information in any way.'" *Id.* In the final analysis, the Court determined that "bare procedural violation[s], divorced from any concrete harm ... does not suffice for Article III standing." *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 341, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016)).

Thus, following *Transunion*, a statutory violation such as the type asserted here can only confer Article III jurisdiction if the plaintiff is able to articulate a concrete, particularized injury in fact that plaintiff suffered as a result of the Defendant's alleged statutory violations.

Indeed, more recent cases post *Transunion* and *Maddox* involving similar FDCPA claims under §§ 1692g and 1692e have held that where, as here, a party fails to "allege any actual injury from receiving the . . . notice", standing under Article III cannot be conferred. *See Cavazzini v. MRS Associates*, No. 21-CV-5087 (ARR) (ST), 2021 WL 5770273 at 6 (E.D.N.Y. Dec. 6, 2021) (holding no Article III standing for the plaintiff's §§ 1692e or 1692f claims); *In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d at 65 (holding that where, as here, a party fails to "allege any actual injury from receiving the . . . notice", Article III cannot be conferred); s*ee also Ergas v. Eastpoint Recovery Group, Inc.*, No. 20-CV-333S, 2022 U.S. Dist. LEXIS 84493 at 19 (W.D.N.Y. May 10, 2022) (stating that *Cohen* "is no longer good law" after *Maddox*).

Plaintiff's allegation that the Letter was "reasonably susceptible to an inaccurate reading by the least sophisticated consumer" in violation of FDCPA 1692e, in insufficient to confer Article III standing because there is no particularized harm alleged. Plaintiff here has not shown a concrete injury-in-fact from the alleged violation of FDCPA 1692e and 1692g(a)(1). Plaintiff's allegations that the Letter caused confusion and uncertainty about her rights reflect only hypothetical, speculative concerns. *See Kola v. Forster & Garbus LLP*, 2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021) (holding that the plaintiff's "failure to establish a concrete harm sufficient to establish standing deprives this Court of subject matter jurisdiction over her claims" because her "purported confusion and uncertainty about whether she in fact owed the balance", was "speculative" at best). Plaintiff does not allege that Defendant made false representations in their Letter, which could arguably confer Article III standing. *See e.g., Chandler v. NCB Management Services, Inc.*, 528 F.Supp.3d 92, 98-99 (E.D.N.Y. 2021); *Williams v. McCarthy Burgess & Wolf, Inc.*, 2:21-cv-05808 (GRB) (AYS) (E.D.N.Y. October 28, 2021) (remanding for lack of standing on FDCPA claims identical to this case); *Barbero v. Transworld Systems Inc.*, 2:20-cv-00506-GRB-SIL (E.D.N.Y. October 4, 2021) (Court dismissed nearly identical FDCPA complaint for lack of standing because the Notice of Removal was completely silent as to Plaintiff's standing under Article III ).

Thus, Defendant has failed to establish subject matter jurisdiction for any of the alleged FDCPA claims.

**b. The Court Lacks Jurisdiction Over Plaintiff's NYGBL § 349 Claim**

A federal court may assert supplemental jurisdiction over a state law claim only if the claim shares a "common nucleus of operative fact" with a federal claim that the court has subject-matter jurisdiction over. *Coppedge v. Elis*, No. 21-CV-7220 (JS) (ARL), 2022 WL 970775 at 4 (E.D.N.Y.

9

Mar. 31, 2022) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 713, 725, 86 S. Ct. 1130, 16 L. Ed. 2d. 218 (1966)).

Here, Plaintiff alleges a violation of NYGBL § 349. Compl. ¶¶ 113-124. As stated above, Plaintiff does not have Article III standing for her federal claims, and thus this Court does not have subject-matter jurisdiction over those claims. Without jurisdiction over the related federal claims, the Court cannot assert supplemental jurisdiction over the NYGBL claim. *See e.g.*, *Cavazzini*, 2021 WL 5770273 at 8 (holding that since the court does not have subject-matter jurisdiction over the plaintiff's FDCPA claims, supplemental jurisdiction over the plaintiff's NYGBL claim cannot be exercised).

Thus, this Court lacks subject supplemental jurisdiction over Plaintiff's NYGBL claims.

### III.   Costs and Attorney's Fees

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The "standard for awarding fees ... turn[s] on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties." *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (internal citations and quotations omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Courts should seek to deter removals made with the purpose of "prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140.

10

Even though Plaintiff's Motion to Remand is granted, this Court finds that an award of costs and attorneys' fees would not serve "the purpose of deterring improper removal.*"* *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, No. 1:00–1898, 2006 WL 1004725 at 7 (S.D.N.Y. Apr. 17, 2006).  In instances where a "reasonable inquiry into the applicable law would have revealed that the statutory criteria for removing the action to federal court were not satisfied", the courts often award costs under 1447(c).  *See dela Rosa ex rel. dela Rosa v. 610-620 West 141 LLC*, No. 08 Civ. 8080 (PKL), 2009 WL 1809467 at 4 (S.D.N.Y. June 24, 2009); *see also Gondolfo v. Town of Carmel*, No. 20-CV-9060 (CS), 2022 WL 19183 at 2 (S.D.N.Y. Jan. 3, 2022) (holding that at the time when the defendants filed for removal in 2021, the law was well settled since at least the 1980s that "a case may not be removed to federal court on the basis of a federal defense").

Here, Defendant's opposition to Plaintiff's Motion to Remand was filed in December 2021, close to when similar oppositions were being rejected in this Circuit after the Supreme Court's decision in *Transunion* and the Second Circuit's decision in *Maddox* in 2021.  As such, Defendants did not lack an objectively reasonable basis for seeking removal.  Defendants raised colorable issues of law regarding the FDCPA claims.  In its opposition, Defendant expressly noted that "Plaintiff is correct that the claims brought under § 1692c(b) have generally been seen to lack Article III standing by Courts in the Eastern District of New York" but relying on Second Circuit precedent, Defendant also argued that "Plaintiff also brings claims pursuant to Sections 1692g and section 1692e" which could confer Article III standing.  Even though this Court rejects these arguments, equity does not require an award of costs and expenses under § 1447(c).

Thus, this Court exercises its discretion and respectfully recommends that no fees should be awarded to Plaintiff under § 1447.

## CONCLUSION

For the reasons given, this Court respectfully recommends that Plaintiff's Motion to Remand this case back to Suffolk County District Court, Fifth District Court be granted, and Plaintiff's request for costs and fees be denied.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 U.S. Dist. LEXIS 73591, 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

SO ORDERED.

                                                          /s/
                                        Steven L. Tiscione
                                        United States Magistrate Judge
                                        Eastern District of New York

Dated: Central Islip, New York

September 12, 2022